UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TRAVIS WILLIAMS, | ) | CASE NO. 4:23-cv-952 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| v. | ) | |
| | ) | |
| FCI ELKTON, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

*Pro se* Petitioner Travis Williams, a federal prisoner in FCI Elkton, filed the above-captioned Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. He contends that there is black mold in the shower in the administrative segregation unit. He alleges this is causing him to cough and experience irregular bowel movements. He asks this Court to bring him in to testify.

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)). Because Petitioner is appearing *pro se*, the allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, this Court may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); see also

*Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under Section 2243).

In general, habeas corpus is available to prisoners seeking relief from unlawful imprisonment or custody. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). Federal prisoners may use 28 U.S.C. § 2241 to attack the manner in which their sentence is being executed, such as the computation of sentence credits or parole eligibility. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977). Section 2241, however, is not available to review questions unrelated to the cause of detention. *Martin*, 391 F.3d at 714. Prisoners challenging the conditions of their confinement must do so through a civil rights action. *Preiser v. Rodriguez*, 411 U.S. 475, 487-88 (1973). Virtually every aspect of a prisoner's daily life that does not affect the duration of his confinement is considered a "condition of confinement."

Petitioner complains of black mold in his shower. This claim concerns conditions of his confinement, not the cause of his detention. It cannot be asserted in a habeas Petition.

Accordingly, the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is denied and this action is dismissed pursuant to 28 U.S.C. § 2243. Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

**Date:** July 28, 2023

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE